IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ANTHONY MANZELLA                                                                    PLAINTIFF

v.                                                              CAUSE NO. 1:14CV295-LG-JCG

SPECIALTY CONTRACTORS &
ASSOCIATES, INC.; NEW PALACE
CASINO, LLC, doing business as
New Palace Casino and/or Palace
Casino Resort; and KILLIAN
CONSTRUCTION COMPANY                                                         DEFENDANTS

## ORDER GRANTING SPECIALTY'S MOTION TO
## BIFURCATE PUNITIVE DAMAGES PHASE OF TRIAL

**BEFORE THE COURT** is the Motion to Bifurcate Punitive Damages Phase of Trial [126] filed by Specialty Contractors & Associates, Inc. The plaintiff, Anthony Manzella, has filed a response to the Motion. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion should be granted.

## DISCUSSION

Manzella claims that he was injured when a temporary wall constructed by Specialty fell and struck him at the Palace Casino, and he filed this lawsuit seeking compensatory and punitive damages. Specialty filed the present Motion, asking the Court to bifurcate the issue of whether Manzella is entitled to punitive damages from the liability and compensatory damages phase of the trial.

Under Mississippi law, "[i]f a plaintiff seeks punitive damages, the trial of the matter must be bifurcated into two different phases: a liability/compensatory

damages stage and a punitive damages stage." *Henson v. Riggenbach*, 982 So. 2d 432, 441 (¶35) (Miss. Ct. App. 2007) (citing Miss. Code Ann. § 11-1-65(1)(b)). Manzella does not oppose bifurcation, and he concedes that bifurcation is required under Mississippi law. He merely objects to the following statement in Specialty's Motion: "Any and all evidence regarding the issue of punitive damages should be tried in a separate evidentiary hearing before the same trier of fact, if and only if, the jury has awarded some measure of compensatory damages to the Plaintiffs." (Specialty Mot. at 2, ECF No. 126). Manzella argues that this statement is overly broad, because some of the evidence in this matter may be relevant to both the issue of liability and imposition of punitive damages.

The Court finds that Specialty's Motion to Bifurcate the punitive damages phase of trial should be granted. Specialty has not identified any specific evidence that should be excluded from the liability/compensatory damages phase of trial. Thus, the Court will consider the admissibility of specific evidence at trial.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Bifurcate Punitive Damages Phase of Trial [126] filed by Specialty Contractors & Associates, Inc., is **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 10th day of August, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE