IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ANTHONY MANZELLA                                                              PLAINTIFF

v.                                                           CAUSE NO. 1:14CV295-LG-JCG

SPECIALTY CONTRACTORS &
ASSOCIATES, INC.; NEW PALACE
CASINO, LLC, doing business as
New Palace Casino and/or Palace
Casino Resort; and KILLIAN
CONSTRUCTION COMPANY                                                         DEFENDANTS

ORDER TAKING UNDER ADVISEMENT PLAINTIFF'S MOTION
TO STRIKE SPECIALTY'S EXPERT, DR. JACK MORIARTY

**BEFORE THE COURT** is Anthony Manzella's Motion [134] to Strike Specialty's Expert, Dr. Jack Moriarty, for failure to comply with the expert disclosure requirements imposed by Fed. R. Civ. P. 26(a)(2)(B)(v). The Motion has been fully briefed by the parties. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion to Strike should be taken under advisement, and Specialty should be required to supplement its designation of Dr. Moriarty within fifteen days of the date of this Order.

BACKGROUND

Manzella claims that he was injured when a temporary wall constructed by Specialty fell and struck him at the Palace Casino. He has filed the present Motion, arguing that Specialty violated Fed. R. Civ. P. 26(a)(2)(B)(v) when it designated Dr. Jack Moriarty as an expert, because it failed to provide a list of his prior trial and deposition testimony. Manzella asks the Court to order Specialty to provide the list

of cases within ten days. In the alternative, Manzella asks the Court to strike Dr. Moriarty and prohibit him from testifying at the trial of this matter.

Initially, Dr. Moriarty's report did not include any information regarding his past testimony, but he supplemented his report with additional information almost one month after Specialty's expert designation deadline and approximately one week after the discovery deadline. Specialty has now provided the following list of prior trial testimony given by Dr. Moriarty:

> 10/29/10 Richard Todd Green vs. Molleston (Lamar County)
> 1/18/12 Mable McArthur vs. Jimmy Lee (Port Gibson)
> 2/6/13 Hicks & Mayes vs. Kohler (Hinds County)
> 5/9/11 Hartwig vs. Lewis (Hinds County)

(Pl.'s Mot., Ex. 2 at 2, ECF No. 134-2). With regard to testimony given by Dr. Moriarty at approximately twenty-five depositions, Specialty provided copies of Dr. Moriarty's appointment schedule. For example, the schedule provides the following information related to a deposition given on July 29, 2011: "[M]ichelle with atty [J]ames [W]etzel['s] office 228-864-6400[.] [N]adene paid 2500.00 (CNA Ins pd)." (*Id.* at 3). Only phone numbers for an unknown individual and the notation "workers compensation" are provided for depositions given on September 9, 2011, and October 7, 2011. (*Id.* at 5-6).

Specialty claims that the information provided regarding Dr. Moriarty's prior testimony is sufficient to allow Manzella to request the past testimony "with some effort on the part of [Manzella]." (Specialty Resp. at 2, ECF No. 135). Specialty asserts that "Dr. Moriarty is a practicing neurosurgeon who does not maintain an

active list of the intricacies of cases." (*Id.*)

## DISCUSSION

Fed. R. Civ. P. 26(a)(2)(B)(v) requires that "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition . . . ." be included in the expert witness's report. The purpose of this requirement is to allow the opposing party "to look into [the expert's] prior opinions and use them as a gauge against what he's done in this case." *Paramount Media Grp., Inc. v. Village of Bellwood*, No. 13 C 3994, 2015 WL 3463092, at *3 (N.D. Ill. May 28, 2015); *Jenks v. N.H. Motor Speedway, Inc.*, No. 09-CV-205-JD, 2011 WL 4625705, at *4 (D.N.H. Oct. 3, 2011) (an expert's prior testimony can be used to assess the consistency of the expert's opinions and methodologies). Furthermore, "an expert witness's experiences in prior lawsuits is relevant to demonstrate possible biases." *Estate of Haeuser v. Westchester Surplus Lines Ins. Co.*, No. 13-5631, 2015 WL 1040439, at*2 (E.D. La. Mar. 10, 2015). A court may exclude a witness if "a party fails to provide information or identify a witness as required by Rule 26(a) . . ., unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Specialty argues that the language of the rule is unclear as to what information must be provided concerning past testimony. However, several courts have provided guidance on this issue:

> The information required to be disclosed [is] "cases" in which the witness has testified. The identification of "cases" at a minimum should include the courts or administrative agencies, the names of the

> parties, the case number, and whether the testimony was by deposition or at trial. Such information should be sufficient to allow a party to review the proceedings to determine whether relevant testimony was given. With this information, a party should be able to determine the type of claim presented and locate any recorded testimony.

*Cartier, Inc. v. Four Star Jewelry Creations, Inc.*, No 01 Civ. 11295(CBM), 2003 WL 22227959, at *2 (S.D.N.Y. Sept. 26, 2003); *see also Jennings v. Thompson*, 792 SF. Supp. 2d 1, 6 (D.D.C. 2011) (holding that the case name, docket number, and name of the court must be provided); *Castro v. City of Mendota*, No. , 2012 WL 4344087, at *2 (E.D. Cal. Sept. 20, 2012) (same); *Holloway v. Ameristar Casino St. Charles, Inc.*, No. 4:07 CV 218, 2009 WL 5169535, at *3 (E.D. Mo. 2009) (same).

Specialty also attempts to improperly shift the responsibility for obtaining information regarding its expert's prior testimony to Manzella, but it is Specialty's responsibility to obtain this information, and it is not "incumbent on the opposing party to 'actively pursue' information required by Rule 26." *See Jennings*, 792 F. Supp. 2d at 6; *King v. Kramer*, No. 10-CV-123-WMC, 2012 WL 6150244, at *2 (W.D. Wis. Dec. 11, 2012).

Finally, Specialty argues that Dr. Moriarty does not have time to collect and retain the information required by Rule 26. However,

> [a] party may not simply retain an expert and then make whatever disclosures the expert is willing or able to make notwithstanding the known requirements of Rule 26. The adverse party should not be placed at a disadvantage or be deprived of the full benefits of Rule 26 by the selection of an expert who cannot or will not make the required disclosures. The selection and retention of an expert witness is within the control of the party employing the expert. To the extent that there is a disadvantage created by the expert's failure to disclose it must be

borne by the party retaining the expert witness.

*Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 682 (D. Kan. 1995). Thus, an expert's failure to maintain sufficient records does not constitute justification for failing to meet the disclosure requirements of Rule 26. *Id.*

The Court finds that Dr. Moriarty's expert report does not satisfy the requirement of Fed. R. Civ. P. 26(a)(2)(B)(v), because the report does not provide the following information for all trial testimony and deposition testimony he has given in the past four years: the name of the case in which the testimony was given, the complete name of the court in which the case was filed, and the docket number of the case. Manzella has no objection to this Court permitting Specialty additional time to provide this information; therefore, the Court will take Manzella's Motion to Strike under advisement while it permits Specialty additional time to comply with Rule 26. Specialty must provide the information to the Court within fifteen days of the date of this Order.

## CONCLUSION

Manzella's Motion to Strike Dr. Moriarty's testimony is taken under advisement. Within fifteen days of the date of this Order, Specialty must file a response to this Order that provides the following information for all trial testimony and deposition testimony Dr. Moriarty has given in the past four years: the name of the case in which the testimony was given, the complete name of the court in which the case was filed, and the docket number of the case.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Anthony

Manzella's Motion to Strike Specialty's Expert, Dr. Jack Moriarty [134] is **TAKEN UNDER ADVISEMENT**. Within **FIFTEEN DAYS** of the date of this Order, Specialty must file a response to this Order that provides the following information for all trial testimony and deposition testimony Dr. Moriarty has given in the past four years: the name of the case in which the testimony was given, the complete name of the court in which the case was filed, and the docket number of the case.

**SO ORDERED AND ADJUDGED** this the 10th day of August, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE