IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ANTHONY MANZELLA                                                              PLAINTIFF

v.                                                              CAUSE NO. 1:14CV295-LG-JCG

SPECIALTY CONTRACTORS &
ASSOCIATES, INC.; NEW PALACE
CASINO, LLC, doing business as
New Palace Casino and/or Palace
Casino Resort; and KILLIAN
CONSTRUCTION COMPANY                                                      DEFENDANTS

**MEMORANDUM OPINION AND ORDER GRANTING NEW PALACE
CASINO'S MOTION FOR SUMMARY JUDGMENT AND GRANTING
MANZELLA'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**BEFORE THE COURT** are the Motion for Summary Judgment [136] filed by New Palace Casino, LLC, and the Motion for Partial Summary Judgment [140] filed by Anthony Manzella. Both Motions have been fully briefed by the parties. After reviewing the record in this matter, the submissions of the parties, and the applicable law, the Court finds that both Motions should be granted.

## FACTS

New Palace, the owner of the Palace Casino Resort in Biloxi, Mississippi, retained Killian Construction Company to renovate and expand the casino on April 19, 2010. (New Palace Mot., Ex. A, ECF No. 137-1). Killian hired a subcontractor, Specialty Contractors and Associates, Inc., to build temporary walls to keep casino guests "safe and separate from" the construction areas. (New Palace Mot., Ex. F at 119, ECF No. 137-6; New Palace Mot., Ex. E at 34-35, ECF No. 137-5).

On Friday, October 28, 2011, at approximately 11:18 p.m., a temporary wall

located near the entrance to the first floor hotel lobby fell and struck Manzella, a guest of the casino. (Compl. at 2, ECF No. 1; New Palace Mot., Ex. E at 10, ECF No. 137-5). After the accident, New Palace employees moved the wall into the construction area, because it was blocking the entrance to the hotel lobby. (Specialty Resp., Ex. 1 at 16, ECF No. 147-1). New Palace asserts that it did not dispose of the wall or otherwise handle the wall after moving it to the construction area. (*Id.* at 16-17, 42-43). Specialty and Killian likewise claim that they did not dispose of the wall. (Specialty Resp., Ex. 3 at 41, ECF No. 147-3; Specialty Resp., Ex. 4 at 27-28, ECF No. 147-4; Specialty Resp., Ex. 5 at 22, ECF No. 147-5). Killian and Specialty claim that New Palace waited over two days to notify them of the accident, and they never saw the wall after it fell. (Specialty Resp., Ex. 4 at 27-28, ECF No. 147-4; Specialty Resp., Ex. 5 at 22, ECF No. 147-5).

Manzella has sued New Palace, Killian, and Specialty, claiming that their negligence caused him to suffer injuries. New Palace has filed a Motion for Summary Judgment arguing that it did not design, construct, or maintain the temporary wall that struck Manzella. Killian does not oppose the Motion. Specialty has filed a response in opposition to the Motion, asserting that Manzella's claims against New Palace should not be dismissed, because it claims New Palace moved and disposed of the wall after it fell. Manzella has filed a response, stating that he opposes New Palace's Motion to the extent that Killian and Specialty may attempt to place blame on New Palace at trial. As a result, Manzella has filed a Motion for Partial Summary Judgment asking the Court to strike Killian and

Specialty's affirmative defenses alleging liability on the part of New Palace if the Court grants New Palace's Motion.

## DISCUSSION

## I. NEW PALACE'S MOTION FOR SUMMARY JUDGMENT

Specialty claims that New Palace's Motion for Summary Judgment should be denied, because:

> (1) a fact question may exist as to whether [New Palace] exercised control over the wall at the time of the incident and following the incident, and (2) because it is undisputed that [New Palace] exercised control at all times over the lobby area which was adjacent to and abutted the outside of the subject temporary wall; and thus a fact question may exist as to whether [New Palace] had the duty to maintain a safe premises, and thereby inspect, the areas under its control for dangerous conditions, including the outside of the subject temporary wall (which was in plain view and abutted the lobby under [New Palace's] control).

(Specialty Resp. at 2, ECF No. 146). Specialty argues that New Palace's actions after the accident (1) indicate that New Palace did have dominion and control over the wall, and (2) hindered Specialty's ability to defend this case because the wall was missing when Killian and Specialty learned of the accident. Meanwhile, Manzella argues that "[t]here is circumstantial evidence the jury can consider to conclude that[,] as the last known handler of the wall, perhaps [New Palace] was negligent in disposing of it prior to the other defendants having had an opportunity to examine it." (Pl.'s Resp. at 4, ECF No. 147).

"A business owner . . . is not an insurer of an invitee's injuries." *Dickinson v. Vanderburg*, 141 So. 3d 455, 458 (¶8) (Miss. Ct. App. 2014). Furthermore, business

owners generally are not vicariously liable for torts committed by an independent contractor or its employees. *Freeman v. CLC of Biloxi, LLC*, 119 So. 3d 1164, 1171 (Miss. Ct. App. 2013). In *Freeman*, the owner of a nursing home was not liable for a slip and fall that was caused by an independent cleaning service. *Id.*

Manzella's Complaint and Amended Complaint do not allege spoliation or negligent disposal of the wall, and no cross claims have been made in this lawsuit. Furthermore, spoliation of evidence is not recognized as a cause of action in Mississippi; it merely creates an evidentiary inference. *Bolden v. Murray*, 97 So. 3d 710, 717 (¶31) (Miss. Ct. App. 2012). "Under the spoliation doctrine, a jury may draw an adverse inference that a party who intentionally destroys important evidence in bad faith did so because [the evidence was] unfavorable to that party." *Schreane v. Beemon*, 575 F. App'x 486, 490 (5th Cir. 2014) (quoting *Whitt v. Stephens Cnty.*, 529 F.3d 278, 284 (5th Cir. 2008)).

It is undisputed that New Palace did not design or construct the wall that struck Manzella. (Specialty Resp. at 1, ECF No. 146; Pl. Resp. at 2-3, ECF No. 147). Specialty also does not dispute that New Palace had no actual or constructive notice that the wall was dangerous. (Specialty Resp. at 1, ECF No. 146). The fact that New Palace moved the wall after it fell into its lobby and blocked the entrance does not support Specialty's argument that New Palace may have had control over the wall prior to the accident. Furthermore, Specialty's argument that New Palace had a duty to inspect the outside of the wall is without merit. The photographs and

testimony produced by the parties show that the bracket that was installed in an attempt to hold the wall in place was located on the back of the wall and could not be viewed from the lobby controlled by New Palace. (New Palace Reply, Ex. A at 53, ECF No. 151-1).

The Court must also reject Specialty's argument that New Palace should be denied summary judgment based on its conduct after the accident occurred. This lawsuit presents the issue of whether New Palace's negligence caused Manzella's injuries; thus, this lawsuit requires a determination of whether any action or omission on the part of New Palace caused the temporary wall to fall. New Palace's actions after the wall fell have no bearing on the issue of whether its negligence caused the wall to fall, particularly since it is undisputed that New Palace did not design or construct the wall and it had no actual or constructive notice that the wall was dangerous.

There is no evidence that New Palace disposed of the wall or moved it beyond the construction area, nor is there evidence that New Palace acted in bad faith when it moved the wall. As a result, no inference can be made in this case pursuant to the spoliation doctrine. There is no evidence of any wrongdoing on the part of New Palace that caused Manzella's injuries. Therefore, Manzella's claims against New Palace must be dismissed with prejudice.

## II. MANZELLA'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Manzella's Motion for Partial Summary Judgment asks the Court to strike affirmative defenses raised by Killian and Specialty as to the liability of New

Palace. Manzella argues that Killian and Specialty should not be permitted to argue that New Palace caused Manzella's injuries after the dismissal of New Palace. The Court agrees and finds that Manzella's Motion for Partial Summary Judgment should be granted.

Killian and Specialty may not attempt to cast blame for Manzella's injuries on New Palace, because there is no genuine issue of material fact that New Palace did not cause Manzella's injuries. This ruling, however, will not prevent the remaining defendants from calling New Palace employees as witnesses or even questioning the manner in which New Palace investigated the accident, as long as no blame for the accident itself is placed on New Palace.[1]

## CONCLUSION

For the foregoing reasons, the Court finds that New Palace is entitled to judgment as a matter of law as to the claims filed by Manzella, and the remaining defendants are prohibited from casting blame on New Palace for the injuries suffered by Manzella.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Summary Judgment [136] filed by New Palace Casino, LLC, is **GRANTED**. The plaintiff's claims against New Palace are hereby **DISMISSED WITH PREJUDICE**.

---

[1] Killian argues that its affirmative defenses should be dismissed without prejudice in case additional evidence is discovered prior to trial. Pursuant to Fed. R. Civ. P. 54(b), this opinion can be "revised at any time before the entry of a judgment adjudicating all claims and all the parties' rights and liabilities."

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion for Partial Summary Judgment [140] filed by Anthony Manzella is **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 10th day of August, 2015.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE