IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ANTHONY MANZELLA                                                                PLAINTIFF

v.                                                        CAUSE NO. 1:14CV295-LG-JCG

SPECIALTY CONTRACTORS &
ASSOCIATES, INC.; NEW PALACE
CASINO, LLC, doing business as
New Palace Casino and/or Palace
Casino Resort; and KILLIAN
CONSTRUCTION COMPANY                                                          DEFENDANTS

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE
## CERTAIN DISCLOSURES AND DISCOVERY RESPONSES

**BEFORE THE COURT** is the Motion to Strike Defendant Specialty's Untimely Disclosures and Discovery Responses [132] filed by Anthony Manzella. Specialty has filed a response in opposition to the Motion, and Manzella has filed a reply. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion to Strike should be denied.

## BACKGROUND

Manzella filed this lawsuit claiming that he was injured when a temporary wall constructed by Specialty fell and struck him at the Palace Casino. He has filed the present Motion, arguing that Specialty violated the discovery and disclosure rules by waiting until June 8, 2015, the day of the discovery deadline, to identify four potential fact witnesses: Mitch Jones, Rick Taylor, Ervin Morgan, and Mark Summers.

## DISCUSSION

Fed. R. Civ. P. 26(a)(1)(A) provides that:

> a party must, without awaiting a discovery request, provide to the other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment . . . [and] a copy . . . of all documents . . . that the disclosing party has in its possession, custody, or control, and may use to support its claims or defenses, unless the use would be solely for impeachment . . . .

These disclosures must be made at or within fourteen days after the parties' Rule 26(f) conference, and the disclosures must be made "based on the information then reasonably available." Fed. R. Civ. P. 26(a)(1)(C), (E). The Federal Rules of Civil Procedure also permit parties to serve written interrogatories on any other party. Fed. R. Civ. P. 33(a)(1). Responses to interrogatories must be filed within thirty days. Fed. R. Civ. P. 33(b)(2).

Parties are required to supplement their initial disclosures and interrogatory responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). However, parties are exempted from supplementation if the additional or corrective information has "otherwise been made known to the other parties during the discovery process or in writing." *Id.* "The 'basic purpose of Rule 26 is to prevent prejudice and surprise.'" *Joe Hand Promotions, Inc. v. Chios, Inc.*, 544 F. App'x 444, 446 (5th Cir. 2013) (quoting *Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994)).

Manzella concedes that the names of the four individuals at issue were included on an employee time sheet produced by Specialty on April 10, 2015, almost

two months prior to the June 8, 2015 discovery deadline. However, Manzella claims that Specialty should have specifically stated that these individuals may be called as fact witnesses prior to the discovery deadline. As explained previously, the Rules of Civil Procedure exempt a party from supplementing disclosures and discovery responses if the information was previously provided during discovery. Since Specialty had previously provided the names of these individuals to Manzella, Specialty did not have a duty to supplement its discovery responses and disclosures to identify these individuals under Fed. R. Civ. P. 26(e)(1)(A). *See Neel v. Fannie Mae*, No. 1:12cv311-HSO-RHW, 2014 WL 1338382, at *3 (S.D. Miss. Apr. 2, 2014) (holding that a party was not required to identify a witness in a supplemental disclosure where the witness's name had been revealed in a deposition approximately six weeks prior to the discovery deadline).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Strike Defendant Specialty's Untimely Disclosures and Discovery Responses [132] filed by Anthony Manzella is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 10th day of August, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE